■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MICKLE, Appellant. — Judgment, Supreme Court, New York County (Preminger, J.), rendered September 5, 1980, which convicted defendant, upon his plea of guilty, of the crime of robbery in the second degree, and sentenced him, as a predicate felon, to an indeterminate term of imprisonment of not less than four nor more than eight years, unanimously modified, on the law, to reverse the sentence, remand for resentence, and otherwise affirmed. On September 5, 1980 defendant appeared for sentencing in this case. This sentence related to the crime (robbery in the second degree) that he committed *January 18, 1979.* At the sentencing the People filed a predicate felony statement. Our examination of this statement reveals that defendant had been sentenced for this prior felony on *December 14, 1979,* almost 11 months *after* he committed the crime that underlies the sentence now before us. In view of this chronology, the prior felony could not be used as the basis for sentencing the defendant as a predicate felon as section 70.06 (subd 1, par [b]) of the Penal Law states: "For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply * * * (ii) Sentence upon such prior conviction must have been imposed before commission of the present felony". Commendably, the People concede the "prior felony statement" that they filed

did not comply with section 70.06 of the Penal Law. Despite admitting error, the People contend that the defendant waived his rights in respect to this error because he did not object to it at the time of sentencing. We disagree. We find that the record does not support a finding of either a waiver or an estoppel. The record indicates that the defendant may have been convicted of a number of prior felonies which did not appear on the "prior felony statement" utilized in this matter. At resentencing, the District Attorney may, if he is so inclined, submit a new prior felony statement for the court's consideration. Concur — Murphy, P. J., Ross, Silverman, Bloom and Kassal, JJ.