■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWELL P. PEREAU, JR., Appellant. — Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered June 14, 1982, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and attempted coercion in the first degree. On the evening of October 17, 1981, defendant approached the car of Mary Ann Wojewodzic, which she was in the process of warming up, knocked on one of its windows and, without invitation, entered it and sat in the front passenger's seat. Defendant asked to be driven to Monette's store. When the store was found to be closed, defendant demanded to be taken to Ashline's bar. When the car stopped at the bar, defendant moved to the center of the front seat, put his arm around Wojewodzic and said, "Let's go somewhere." Wojewodzic jokingly replied that she was "too old" for him. However, defendant demanded that she drive down Switchback Road. When she refused, defendant again moved to the center of the seat and said, "I have a knife", which she felt pressing against her breast. Claiming he was an expert with a knife, defendant continuously repeated the words, "I want you", and he lifted the knife to her throat and back to her breast several times, insisting she drive to a nearby cemetery. The increased pressure of the knife against her breast terrified her, but she commenced struggling, as the car swerved back and forth along the road. In the struggle, Wojewodzic was able to gain control of the knife, but cut her hand in the attempt. She stopped the car and defendant exited, asking for his knife back. He went to his "fort" in the woods and she went home, where her landlord called the police. On October 18, and again on October 19, she was examined by a physician who prescribed sedatives to calm her from her violent episode. She sustained black and blue bruises on both breasts, which caused tenderness and pain, as did the superficial cuts on her hand. Upon a verdict of guilty of attempted rape in the first degree and attempted coercion in the first degree, defendant was sentenced to an indeterminate term of 3⅓ to 10 years on the attempted rape charge and 0 to 3 years on the attempted coercion charge, with the sentences to be served

concurrently. We find the facts outlined above as testified to by Wojewodzic, which the jury obviously credited, legally sufficient to support the verdict of attempted rape in the first degree. On such proof it could be concluded that the defendant acted with a specific intent to commit the crime of rape (*People v Bracey,* 41 NY2d 296) and that he acted to carry the project forward within dangerous proximity to the criminal end to be attained (cf. *People v Werblow,* 241 NY 55, 61-62). Defendant's intent to rape could reasonably be inferred by the jury from defendant's conduct and the surrounding circumstances (*People v Bracey, supra,* p 301). Defendant further contends that the trial court should have granted his request to charge the misdemeanor of coercion in the second degree as a lesser included offense of the felony of coercion in the first degree. We disagree. In order to commit coercion in the first degree (Penal Law, § 135.65, subd 1), one must necessarily commit coercion in the second degree (Penal Law, § 135.60). The first prong of the two-pronged test relating to lesser included crimes as outlined by the Court of Appeals in *People v Glover* (57 NY2d 61) is, therefore, satisfied. To be entitled to the charge of the lesser crime under the second prong of the test, it was incumbent upon defendant to show a reasonable basis in the evidence for finding him not guilty of the felony of coercion and guilty of the misdemeanor of coercion. It was pointed out by the Court of Appeals in *People v Discala* (45 NY2d 38, 41-42) that such a lesser charge should be reserved for the unusual factual situation where the method of coercion is by threat of personal physical injury which for some reason lacks a heinous quality. In the circumstances related by this complainant, the threats made by defendant and his use of the knife cannot reasonably be claimed to lack heinous quality. Defendant further contends that his acquittal of assault in the second degree renders his conviction of attempted rape in the first degree an inconsistent verdict. In our view, all that the acquittal of the assault count shows is that defendant did not act with intent to cause the complainant physical injury. The conviction of attempted rape shows his intent to engage in sexual intercourse with her. Therefore, the verdicts are not inherently self-contradictory (*People v Tucker,* 55 NY2d 1) and not inconsistent. Another of defendant's arguments concerns his prior conviction on September 14, 1981 of the misdemeanor of reckless endangerment in the second degree, an unrelated crime. It appears that at this time defendant was eligible for, but did not receive, youthful offender treatment. If defendant was dissatisfied with that determination, his remedy was to appeal it. In any event, the prosecutor in this case was permitted to examine defendant about the underlying facts and circumstances of his reckless endangerment conviction on the issue of credibility when he took the stand in his own defense (*People v Cook,* 37 NY2d 591). We have examined defendant's other contentions and have found them inconsequential and meritless. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.