▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOURDAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 2, 1981, convicting him of burglary in the second degree, robbery in the first degree, robbery in the second degree, sodomy in the first degree, and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's guilt was proven beyond a reasonable doubt and there is no reason, on this record, to overturn the evaluations of credibility made by the jury (see *People v Gruttola,* 43 NY2d 116, 122). Nor was the court's *Sandoval* ruling an abuse of discretion (see *People v Sandoval,* 34 NY2d 371, 377-378). The sentence imposed was appropriate (see *People v Suitte,* 90 AD2d 80). Defendant's remaining arguments either lack merit or were not properly preserved for review. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.

▉ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LA FURNO, Also Known as CHARLES LA FURMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered May 28, 1982, convicting him of burglary in the second degree, grand larceny in the second degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The evidence overwhelmingly supported defendant's conviction on the burglary count. Defendant and his codefendant were sighted by a police officer in the immediate vicinity of the burglary, only minutes after the burglary was discovered, and were found to be in possession of the stolen property. The flight by defendant and codefendant from the police officer evidences consciousness of guilt. Since these facts are inconsistent with defendant's innocence, the jury could have concluded that the evidence excluded to a moral certainty every other reasonable hypothesis (*People v Barnes,* 50 NY2d 375, 380).

We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.