THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VERNON WILLIAMS, CALVIN JOHNSON and ANTHONY SMITH, Respondents.

While waiting at the platform for his train, complainant and defendant Smith became involved in an argument when Smith bumped into him. The argument ended, and both parties walked away. A few moments later, complainant saw Smith, together with defendants Williams and Johnson, jump across the turnstile and head directly towards him. Although complainant attempted to run, the three caught him, repeatedly punched him, and ripped three chains from his neck. Complainant testified before the Grand Jury that, as a result of this attack, he sustained bumps to his head, his temples were swollen, he had

red marks, and the attack severely aggravated a previous fracture of his leg causing him substantial pain as a result of which he found it difficult to walk. A police officer who arrived on the scene and captured the three defendants, testified that complainant had bruises across his forehead, and a lot of lacerations all around his neck. He further testified that defendant Johnson was searched following his arrest, and a yellow metal chain was found in his pocket. That chain was subsequently identified by complainant. Upon discovery of the chain, Johnson told the officer that he found the chain on the floor and thought that it belonged to defendant Smith.

The Grand Jury indicted all three defendants on charges of robbery in the second degree (two counts), grand larceny in the third degree, assault in the third degree and criminal possession of stolen property in the third degree. Following motions brought by defendants, the court dismissed both counts of robbery in the second degree as to all defendants, and the count of criminal possession of stolen property in the third degree as to defendants Williams and Smith. The People have appealed from so much of that order as dismissed the two counts of robbery in the second degree.

Evidence before a Grand Jury is sufficient to sustain an indictment when the sum of the competent and admissible evidence, if unexplained and uncontradicted, would warrant a conviction after trial. Thus, the People have the burden of establishing a prima facie case (*People v Warner-Lambert Co.,* 51 NY2d 295; *People v Mayo,* 36 NY2d 1002; *People v Brewster,* 100 AD2d 134, *affd* 63 NY2d 419).

Upon reviewing the Grand Jury minutes, we find that the People made a sufficient showing of each element of the two counts of robbery in the second degree as to establish a prima facie case. The intent to steal the chains may be inferred from the conduct of defendants and from the surrounding circumstances. The joint attack upon complainant in which the chains were ripped from his neck, coupled with the fact that one of the chains was subsequently recovered from Johnson's pocket, was sufficient to sustain the burden which was upon the People to prove the intent to commit the robbery (*see, People v Bracey,* 41 NY2d 296; *People v Pereau,* 99 AD2d 591). Moreover, the testimony of complainant and the police officer was sufficient to establish a prima facie case that physical injury was inflicted upon complainant (*see, People v Rojas,* 61 NY2d 726; *People v Chesebro,* 94 AD2d 897). Finally, we find no merit to the argument of defendant Johnson that the evidence failed to demonstrate the use of physical force to prevent or overcome resistance to the taking of the property.

Accordingly, the order is reversed, insofar as appealed from, and the first two counts of the indictment are reinstated. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.