■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES D. McALLISTER, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered February 8, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, as we must, defendant's guilt was proven beyond a reasonable doubt *(see, People v Malizia,* 62 NY2d 755, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620). Complainant testified that she returned to her house at approximately 12:45 P.M. on July 23, 1983, and, upon entering her bedroom, saw a man climbing through the window. She stared at the intruder for at least half a minute before running to a neighbor's house to call the police. Moments later, defendant, who matched the description given to the police, was apprehended only four blocks from the scene of the crime. He was positively identified at a showup and was placed under arrest.

Defendant argues, *inter alia,* that this out-of-court identification should have been suppressed. On these facts, we find that argument unpersuasive *(see, People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Acevedo,* 102 AD2d 336).

Equally unpersuasive is defendant's argument that a reversal is warranted because the People failed to disclose exculpatory evidence. For the first time on appeal, defendant notes that he has become aware that police records of the 911 call pertaining to the burglary indicated that the suspect wore blue pants, whereas he was wearing tan pants. This material is dehors the record.

We find nothing in the record to support defendant's argument that the trial court erred in denying the motion to dismiss the indictment on the ground he was deprived an opportunity to appear before the Grand Jury.

Defendant's remaining contentions are without merit. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.