■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BANKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered January 5, 1982, convicting him of attempted robbery in the first degree, upon his plea of guilty, and sentencing him as a second felony offender to an indeterminate term of 3 to 6 years' imprisonment.

Judgment affirmed.

Defendant failed to raise his objections to the adequacy of his plea allocution in the court of first instance and, accordingly, has not preserved his claim for appellate review (People v Pellegrino, 60 NY2d 636; People v Attardi, 114 AD2d 963). In any event, we find that the allocution established the requisite elements of attempted robbery in the first degree, as intent to harm the victim is not an element of that crime (see, Penal Law §§ 110.00, 160.15 [3]).

Defendant contends that his sentence of 3 to 6 years' imprisonment was excessive. However, defendant was fully advised of his right to a hearing to controvert the predicate felony statement filed by the People. His failure to object to, or controvert the use of, his prior felony conviction as a predicate felony, or request a hearing thereon, was a waiver of his right to challenge that conviction and its validity (see, People v Barnes, 99 AD2d 877; CPL 400.21 [3], [7] [b]). The sentence imposed upon defendant as a second felony offender was the minimum permitted by statute (Penal Law § 70.06 [3] [b]; [4]). Furthermore, it was in accordance with a negotiated plea agreed to by defendant. He cannot now claim that it was excessive (see, People v Kazepis, 101 AD2d 816).

Defendant's claim of ineffective assistance of counsel, which is based on matters dehors the record, should be raised by way of motion pursuant to CPL 440.10 (see, People v Conyers, 114 AD2d 967). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.