■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY JACKSON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated January 28, 1985, which granted that branch of the defendant's omnibus motion which was for dismissal of an indictment charging the defendant with burglary in the second degree, criminal possession of stolen property in the third degree and possession of burglar's tools, upon the ground of legal insufficiency of the evidence before the Grand Jury.

Order reversed, on the law, that branch of the defendant's motion which was to dismiss the indictment denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Police Officer Eugene O'Connor testified before the Grand Jury that on November 9, 1984, at approximately 10:30 P.M., he observed the defendant and another man looking into automobiles over the course of several blocks. The individuals would separate at certain points, each walking along a separate street, and then they would reappear together, apparently having a conversation with each other. Then they would continue on to another block.

After approximately half an hour, the officer observed the two individuals having a short conversation in front of 1862 Woodbine Street. He then observed one of the men going down the cellar stairs into the basement of an apartment house at that location. While that individual was in the basement, the defendant remained standing out front, looking around in several directions. When the other individual came out of the basement wheeling a tire, the defendant began to leave the scene. The officer then arrested the individual with the tire, and arrested the defendant a few blocks away. Upon his arrest, the defendant was found to be carrying a vinyl bag full of tools commonly used in burglaries. The People also presented evidence to the Grand Jury that the defendant's companion entered the premises at 1862 Woodbine Street and took the tire without the owner's permission.

The Grand Jury indicted the defendant for the crimes of

burglary in the second degree, criminal possession of stolen property in the third degree and possession of burglar's tools. However, on the defendant's motion, the indictment was dismissed.

"Evidence before a Grand Jury is sufficient to sustain an indictment when the sum of the competent and admissible evidence, if unexplained and uncontradicted, would warrant a conviction after trial" *(People v Williams,* 110 AD2d 798, 799).

We conclude that under the totality of the circumstances, there was sufficient evidence that the defendant was acting as a lookout, and was not just coincidentally present at the scene *(cf. People v Way,* 59 NY2d 361). Hence, the indictment should be reinstated. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.