■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY KOTLER, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Anderson, J.), rendered March 29, 1982, convicting him of rape in the first degree (two counts), robbery in the first degree, burglary in the first degree (two counts), and burglary in the second degree (two counts), upon a jury verdict, and sentencing him as a second felony offender to (a) concurrent indeterminate prison sentences of 12½ to 25 years for the rape, robbery and burglary charges under the first four counts of the indictment, and (b) concurrent indeterminate prison sentences of 12½ to 25 years for the rape, and 7½ to 15 years for the two burglaries under the latter three counts of the indictment; and the sentences on the latter three counts to run consecutively to the sentences imposed on the first four counts of the indictment; and (2) by permission, from two orders of the County Court, Suffolk County (Mazzei, J.), dated December 2, 1983 and January 24, 1984, respectively, both of which denied his motion pursuant to CPL 440.10, to set aside the judgment of conviction.

Judgment modified, on the law, by reducing (1) the minimum terms of the sentences on the defendant's convictions of burglary in the second degree from 7½ years to 5 years, and (2) the minimum term of the sentence imposed on the defendant's conviction of rape in the first degree under the seventh count of the indictment from 12½ years to 8⅓ years. As so modified, judgment affirmed.

Orders dated December 2, 1983 and January 24, 1984, respectively, affirmed.

The trial court erred in sentencing the defendant as a second felony offender with respect to the latter three counts of the indictment, which involved a 1978 incident, inasmuch as the predicate felony conviction relied upon was rendered

March 12, 1981 *(see,* Penal Law § 70.06 [1] [b] [ii]; *People v Stewart,* 104 AD2d 734; *People v Mickle,* 91 AD2d 920). In considering the defendant's other claims on appeal, we find that any errors that occurred were unpreserved for appellate review, and we decline to exercise our interest of justice jurisdiction to review such errors. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.