■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TONY FLORES, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated October 31, 1985, as granted that branch of the defendant's motion which sought to dismiss the first count of the indictment.

Order reversed insofar as appealed from, on the law, the aforementioned branch of the motion denied, the first count of the indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings.

We have reviewed the evidence which was before the Grand Jury and conclude that the first count of the indictment, charging the crime of burglary in the second degree, was supported by legally sufficient evidence. "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt" *(People v Mayo,* 36 NY2d 1002, 1004). "Evidence before a Grand Jury is sufficient to sustain an indictment when the sum of the competent and admissible evidence, if unexplained and uncontradicted, would warrant a conviction after trial" *(People v Williams,* 110 AD2d 798, 799; *see also, People v Deitsch,* 97 AD2d 327, 329). Here, the evidence before the Grand Jury of the defendant's recent and unexplained possession of stolen property, in close proximity to the scene of the crime *(see, People v Baskerville,* 60 NY2d 374, 382-383; *Knickerbocker v People,* 43 NY 177, 181-182; *People v Bergerson,* 105 AD2d 867, 868), was sufficient to establish a prima facie case of burglary in the second degree and, if unexplained and uncontradicted, to warrant a conviction after trial on that charge *(see, People v Morales,* 113 AD2d 956; *People v La Furno,* 104 AD2d 1008; *People v Martin,* 78 Misc 2d 1087). A police officer testified that when he responded to a burglary radio run he observed the defendant exiting the premises with the fruits of the crime in hand. The stolen property was identified by the owner who testified that he did not know the defendant and did not give him permission to enter his house or to possess his property. Accordingly, the first count of the indictment was supported by legally sufficient evidence and is reinstated. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.