■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLARENCE DEWITT, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Queens County (Chetta, J.), entered February 20, 1986, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of indictment No. 6200/85, charging the defendant with attempted murder in the second degree, on the ground that the evidence presented to the Grand Jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the first count of indictment No. 6200/85 is denied, that count is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Upon a review of the Grand Jury minutes, we find that the People presented legally sufficient evidence to charge the defendant with attempted murder in the second degree *(see,* CPL 190.65 [1]; 210.20 [1] [b]; Penal Law §§ 110.00, 125.25). At the accusatory stage, only prima facie evidence need be adduced, not proof beyond a reasonable doubt *(see, People v Mayo,* 36 NY2d 1002, 1004; *People v McCarter,* 97 AD2d 852; *People v Porter,* 75 AD2d 901).

Viewing the evidence in the light most favorable to the People and considering the inferences that could reasonably be drawn therefrom *(see, People v Warner-Lambert Co.,* 51 NY2d 295, *cert denied* 450 US 1031), the Grand Jury could have concluded that the defendant intended to cause the complainant's death by turning the van in his direction, striking him and then driving over the area where he had

fallen to the ground. Only the complainant's quick action prevented his being run over by the van driven by the defendant. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.