**34** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ANDERSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Doran, J.), rendered March 28, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Cowhey, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The court should have suppressed the station house showup identification of the defendant as the People failed to show that it would have been unduly burdensome for the arresting officer to have conducted a lineup and that no exigency existed to warrant the showup *(see, People v Riley,* 70 NY2d 523). However, the court properly found that an independent source existed for the in-court identification of the defendant *(see, United States v Wade,* 388 US 218; *People v Martin,* 101 AD2d 869). The victim testified that she was conversing with the defendant face to face in a well-lit shop for 15 minutes before he robbed her and was then face to face with him during much of the crime. Further, the victim was able to give a detailed description to the police and positively identified him about an hour after the crime.

Any error in permitting the victim to testify as to the showup was harmless as the evidence against the defendant, including the strong in-court identification, the police officers' observation of the defendant leaving the scene and their prompt apprehension of him based upon the victim's description of her attacker, his incriminating statements to the police at the time of his arrest, and the physical evidence recovered from his person, provided overwhelming proof of guilt *(see, People v Adams,* 53 NY2d 241).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.