■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GUILLERMO, Also Known as DIEGO PENA, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered July 27, 1984, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review (1) the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony, and (2) the denial (Agresta, J.), after a hearing, of the defendant's motion to dismiss the indictment on speedy trial grounds.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of the defendant's motion which was to suppress identification testimony is granted to the extent that the pretrial identification of the defendant is suppressed, and the case is remitted to the Supreme Court, Queens County, for further proceedings.

The hearing court erred in refusing to suppress testimony

regarding the showup identification procedure which occurred at the station house, as the People failed to establish that such a procedure was warranted by exigent circumstances *(see, People v Riley,* 70 NY2d 523). While the fact that a hostile crowd was gathering at the scene of the crime may have justified the transportation of the defendant to the precinct, this circumstance does not explain why, once the defendant was at the precinct, it would have been unduly burdensome to conduct a reasonably reliable lineup identification. Furthermore, although there may have been several nonuniformed people in the room with the defendant at the time he was identified, the People failed to adduce sufficient evidence regarding the circumstances surrounding the viewing to meet their initial burden of going forward to establish the reasonableness of the police conduct and the lack of suggestiveness of the pretrial identification procedure *(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662). Although we agree with the hearing court's determination that an independent basis existed for the complainant's in-court identification, reversal is still required, because on this record we are unable to determine what effect, if any, the erroneous refusal to suppress the defendant's pretrial identification may have had on the defendant's decision to plead guilty *(see, People v Coles,* 62 NY2d 908; *People v Riddick,* 110 AD2d 787).

We note, however, that the defendant's contention that dismissal of the indictment is required because he was denied his constitutional right to a speedy trial is without merit *(see, People v Taranovich,* 37 NY2d 442; *People v Manley,* 63 AD2d 988).

In light of the foregoing, we need not address the defendant's contention that the sentence imposed was excessive. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.