■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TILLMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered July 18, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial (Glass, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of the defendant's motion which was to suppress identification testimony is granted to the extent that the pretrial identification of the defendant by the complainant and Donald Butler and the in-court identification of the defendant by Donald Butler are suppressed, and the case is remitted to the Supreme Court, Queens County, for further proceedings.

The hearing court erred in refusing to suppress testimony by the complainant, and an eyewitness, Donald Butler, regarding the showup identifications which occurred at the station house, as the People failed to establish that such procedures were warranted by exigent circumstances *(see, People v Riley,* 70 NY2d 523; *People v Guillermo,* 137 AD2d 832). Furthermore, the evidence adduced was insufficient to establish an independent basis for the in-court identification by Butler. While an independent basis existed for the complainant's in-court identification, reversal is still required because, on this record, we are unable to determine what effect, if any, the erroneous refusal to suppress some of the identification testimony may have had on the defendant's decision to plead guilty *(see, People v Coles,* 62 NY2d 908; *People v Guillermo, supra).*

With respect to the defendant's contentions concerning the validity of his plea of guilty, however, reversal is not required on the ground that the defendant's factual allocution was legally insufficient, as that issue has not been preserved for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Wages,* 111 AD2d 198), and the defendant's right to challenge the factual allocution was forfeited when the defendant pleaded guilty to a lesser included offense *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Mazzilli,* 125 AD2d 602).

In light of the foregoing, we need not address the defendant's contention that the sentence imposed was excessive. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.