■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SIMMONS, Appellant.–

The defendant contends that the prosecutor acted without statutory authority when he resubmitted the case to the Grand Jury in the absence of court authorization. He urges that the conviction should be reversed, and the indictment dismissed. The Court of Appeals has concluded, however, that CPL 190.60 (4) and 190.75 (1) and (3) require permission to resubmit charges only where the Grand Jury hearing the evidence has rejected it as insufficient *(see, People v Cade,* 74 NY2d 410). On two occasions, the prosecutor resubmitted the instant case to the Grand Jury after it had voted to indict the defendant. Accordingly, the defendant's contention is without merit.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The jury was entitled to give great weight to the testimony of the complaining witness and to reject the defendant's alibi witnesses *(see, People v Garcia,* 133 AD2d 704).

Moreover, the evidence, the law and the circumstances of

this case viewed together and as of the time of representation reveal that the defendant was provided with the effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 798-799). Thus, the defendant's contention that he did not receive meaningful representation is without merit.

Finally, the defendant's claim that by making himself an "unsworn witness" in this case, the Assistant District Attorney denied him his right to a fair trial is also unavailing. The record here indicates that it was a defense witness who initially revealed that the prior statement which the Assistant District Attorney was using to impeach his credibility was one taken by the Assistant District Attorney himself. In any event, any prejudice that resulted from the prosecutor including this fact in several questions which he subsequently put to the witness was effectively dispelled by the court's prompt and extensive curative instructions *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.