■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered November 19, 1987, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the seventh degree, and attempted aggravated assault on a police officer, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 4, 1986, at approximately 11:00 P.M., three men, subsequently identified as the defendant Johnny Moore, and his codefendants, Albert Griffin *(see, People v Griffin,* 165 AD2d 881 [decided herewith]), and Willie Sykes, entered the Cadmill Social Club and robbed the patrons and staff at gunpoint. The trio assaulted the patrons and, after taking their money, two of the men, allegedly the defendant and Griffin, fled in an

automobile parked nearby. They were apprehended in the vehicle after they threw out a black bag containing the proceeds of the robbery and several vials of crack cocaine. After the individual subsequently identified as the defendant was handcuffed, he drew a weapon and attempted to fire at one of the officers. Ample testimony was presented at the joint trial of the trio regarding the activities of the three gunmen, but only the doorman of the social club was able to identify the defendant at trial as one of the robbers. The defendant was convicted, *inter alia,* of robbery and attempted aggravated assault of a police officer, and this appeal ensued.

The defendant's contention that the prosecutor acted without authority when he asked the Grand Jury to vacate its previous vote and consider new evidence without first seeking court authorization *(see,* CPL 190.75) is without merit. Permission is required only where the first Grand Jury hearing the evidence rejected it as insufficient *(see, People v Cade,* 74 NY2d 410, 414; *People v Simmons,* 158 AD2d 727). Here the resubmission was made after the Grand Jury had originally voted to indict the defendant. Since the prosecutor's actions neither impaired the integrity of the Grand Jury proceedings nor risked prejudice to the defendant, the indictment filed against him may stand *(see,* CPL 210.35 [5]; *People v Cade, supra,* at 415). Under the circumstances, the trial court did not err in denying the defendant's request to review the Grand Jury minutes.

Also without merit is the defendant's contention that the People failed to establish that he intended to shoot the police officer and that thus his conviction of attempted aggravated assault should be reversed. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. That evidence established that the defendant rose from a seated position, removed a gun from his waistband and, with his finger on the trigger, pointed the gun at the officer's midsection. The defendant's intent could clearly be inferred from his conduct *(see, People v Bracey,* 41 NY2d 296; *People v DeWitt,* 130 AD2d 504).

We agree with the defendant that the station house identification procedures conducted in this case were improper and that the trial court erred in permitting a police officer to testify that one of the patrons had identified the defendant in a showup *(see, People v Riley,* 70 NY2d 523; *People v Tillman,* 147 AD2d 599; *People v Guillermo,* 137 AD2d 832). However, in light of the cumulative nature of this testimony and the

overwhelming proof of the defendant's guilt, we find that this error was harmless *(see, People v Crimmins,* 36 NY2d 230). We note that the defendant's further contentions that the patron and the doorman should not have been permitted to testify as to their station house identifications of him, and that the doorman should not have been permitted to make an in-court identification, are unpreserved for appellate review since the defendant withdrew his pretrial motion for a *Wade* hearing and did not object to the testimony in question *(see,* CPL 470.05 [2]; 710.70 [3]; *People v Anderson,* 136 AD2d 712).

Finally, we conclude that the evidence, the law and the circumstances of this case, viewed together and as of the time of representation, reveal that the defendant was provided with meaningful representation by counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Belgrave,* 143 AD2d 103; *People v White,* 137 AD2d 859). Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.