■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SERRANO, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 27, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree under indictment number 1381/88 and violation of probation under indictment number 7100/83, and sentencing him, as a predicate felon, to concurrent indeterminate terms of imprisonment of from 6 years to life and from 1½ to 4 years, respectively, unanimously modified, on the law, the sentence as to criminal sale of a controlled substance in the second degree vacated and the matter remanded for further proceedings, the sentence as to violation of probation modified to the extent of reducing the minimum term of imprisonment imposed to 1⅓ years and, except as so modified, affirmed.

Under a single indictment, defendant was charged with two counts of criminal sale of a controlled substance in the second degree, relating to two separate sales of more than two ounces

of cocaine to an undercover officer, which took place on January 15, 1988 and February 17, 1988, respectively. On October 14, 1988, defendant pleaded guilty to the first count of the indictment, relating to the January 15th sale, in satisfaction of the entire indictment. At the time of the plea, all parties assumed that defendant would be sentenced as a predicate felon, based on a prior felony conviction for criminal possession of a weapon in the third degree. An integral part of the plea bargain was the promise of the minimum sentence allowed by statute, 6 years to life. However, while the underlying charges of the predicate felony conviction stemmed from a 1983 incident and indictment, sentence was not imposed until January 21, 1988, apparently due to defendant's absence from the jurisdiction. Penal Law § 70.06 (1) (b) (ii) mandates that sentence for the conviction which constitutes the predicate felony "must have been imposed before commission of the present felony" (see, People v Mickle, 91 AD2d 920). The January 15, 1988 sale to which defendant pleaded guilty under the present indictment actually preceded the sentence for the presumed predicate felony imposed on January 21, 1988. The predicate felony statement filed by the prosecutor was therefore defective. While it may be reasonable to assume that, had the significance of the dates of the two sales been appreciated by the People, defendant would have merely pleaded to the second count of the indictment relating to the subsequent sale on February 17, 1988, the technical defect he raises on appeal cannot be ignored.

Contrary to defendant's argument, however, the proper remedy is not to reduce the sentence but to vacate the plea. Upon remand, defendant will presumably have the option to pursue one of two alternatives; either negotiate a new plea or go to trial.

We note the record reflects that a sentence of 1½ to 4 years was imposed for defendant's violation of probation on the prior conviction for possession of a weapon (Penal Law § 265.02). Upon imposition of a maximum term of imprisonment of 4 years, the corresponding minimum term may not exceed 1⅓ years (Penal Law § 70.00 [2] [d]; [3] [b]). Accordingly, we modify the minimum term imposed under indictment number 7100/83 to 1⅓ years (People v Tillman, 147 AD2d 599).

We have examined defendant's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.