■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT MURPHY, Respondent. [604 NYS2d 211] —Appeal by the People from an order of the County Court, Nassau County (Seybert, J.), dated July 6, 1992, which granted that branch of the defendant's omnibus motion which was to dismiss all

counts of Nassau County Indictment No. 81100 which pertained to him.

Ordered that the order is reversed, on the law, that branch of the defendant's motion which was to dismiss the indictment against him is denied, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment.

Contrary to the County Court's determination, we find that the evidence presented to the Grand Jury was legally sufficient to establish a prima facie case against the defendant. In the context of a Grand Jury proceeding, the sufficiency of the People's presentation is determined by inquiring into whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Jennings,* 69 NY2d 103, 114; *People v Pelchat,* 62 NY2d 97; *People v Flores,* 122 AD2d 806). Viewed in such a light, the evidence presented to the Grand Jury was legally sufficient to sustain the counts of grand larceny and conspiracy to commit grand larceny. The defendant was charged based upon his alleged participation in a scheme to steal insurance company funds by authorizing payment on nonexistent claims. In this regard, we note that although the evidence against the defendant consisted primarily of accomplice testimony, sufficient corroborative evidence was presented which tended to connect the defendant with the crime *(see,* CPL 60.22). "Corroborative evidence need not bolster the details nor rise to the level of conclusive proof" *(People v Dym,* 163 AD2d 150, 153), and even evidence of a seemingly insignificant nature " 'may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime' " *(People v Moses,* 63 NY2d 299, 306, quoting from *People v Dixon,* 231 NY 111, 117). Applying these principles to the case at bar, we find that the independent evidence that the defendant authorized payment on a nonexistent insurance claim in the absence of the documentation required by company policy sufficiently corroborated the accomplice's testimony *(see, People v Dym, supra).*

We further find that the prosecutor's instruction on conspiracy in the fourth degree was not so misleading or incomplete that it impaired the integrity of the Grand Jury proceeding *(see, People v Calbud, Inc.,* 49 NY2d 389).

Finally, we note that the grand jurors were not improperly precluded from examining the witnesses who appeared before

them *(see, People v Brown,* 87 Misc 2d 403). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.