■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SANTOS DIAZ, EDILBERTO BURGOS, and MODOTO SALAS, Respondents. [607 NYS2d 959] —Appeal by the People from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 6, 1992, which granted the defendants' motion to dismiss the

indictment on the ground that the evidence before the Grand Jury was not legally sufficient.

Ordered that the order is reversed, on the law, the defendants' motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

It is well-settled that the court may only grant a motion to dismiss the indictment where "[t]he evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense" (CPL 210.20 [1] [b]; *People v Deitsch,* 97 AD2d 327, 328; *People v Leichtweis,* 59 AD2d 383, 387). The burden is on the defendant to make a clear showing of legal insufficiency *(see, People v Adorno,* 112 AD2d 308, 309), and the court must examine the evidence in the light most favorable to the People *(see, People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031). Upon a motion to dismiss for legal insufficiency it must only be shown that the People presented a prima facie case *(see, People v Flores,* 122 AD2d 806). Questions as to the quality or weight of the proof are deferred and the evidence may be legally sufficient even if it does not prove guilt beyond a reasonable doubt *(see, People v Jennings,* 69 NY2d 103, 115).

Bearing these principles in mind, we find that the defendants failed to make a clear showing that the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally insufficient to establish their constructive possession of the drugs and weapons found with the defendants inside a locked store. Where the People's presentation relies upon circumstantial evidence, the evidence before the Grand Jury need not exclude to a moral certainty every hypothesis consistent with innocence *(see, People v Deegan,* 69 NY2d 976; *People v Vallone,* 140 AD2d 729). Thus, the court erred in dismissing the indictment. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.