■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. MAYS, Appellant. [619 NYS2d 995] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was improperly sentenced as a second felony offender because his prior felony conviction is jurisdictionally defective *(see, People v Johnson,* 187 AD2d 990). That contention, however, cannot be addressed on direct appeal because it is based on

documents that were not submitted to the sentencing court (see, *People v Rodriguez*, 123 AD2d 405, 406; *People v McAllister*, 116 AD2d 745). Defendant's challenge to the predicate felony conviction should be raised in a proceeding pursuant to CPL article 440 (see, *People v Johnson*, 51 NY2d 986, 988; *People v Banks*, 117 AD2d 611).

Defendant has not taken an appeal from the judgment revoking his probation and resentencing him to a term of incarceration (see, CPL 460.10 [1]). Consequently, we are also unable to address defendant's challenge to that judgment.

We reject defendant's contention that the aggregate sentence is harsh or excessive. (Appeal from Judgment of Chautauqua County Court, Himelein, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.