■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JING CHEN, Respondent. [629 NYS2d 771] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated July 6, 1993, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the defendant's motion to dismiss the indictment is denied, and the indictment is reinstated.

We agree with the People that the evidence before the Grand Jury was legally sufficient to establish the elements of attempted murder in the first degree *(see, People v Galatro,* 84 NY2d 160, 163-164; *People v Jennings,* 69 NY2d 103, 114; *People v Diaz,* 201 AD2d 580; *People v Murphy,* 198 AD2d 525; *People v Moore,* 165 AD2d 884; *cf., People v Bracey,* 41 NY2d 296). There was legally sufficient evidence that the defendant, while in police custody, suddenly pulled a loaded weapon from his waistband, placed his finger on the trigger and pointed it at the arresting officers' midsections *(see, People v Moore, supra; cf., People v Mendez,* 197 AD2d 485).

Further, the prosecutor's conduct did not impair the integrity of the Grand Jury *(see,* CPL 210.35 [2]; 210.20 [1] [c]; *see also, People v Darby,* 75 NY2d 449, 454; *cf., People v Pelchat,* 62 NY2d 234). Specifically, the evidence fails to support the contention that the prosecutor improperly influenced the Grand Jury to rescind its prior request for production of a defense witness (CPL 190.50 [3], [6]). Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.