OPINION OF THE COURT
Stanley B. Katz, J.
Defendant was indicted for the crimes of robbery in the first and second degrees in connection with an incident which occurred on April 6, 1991. On April 20, 1992, defendant pleaded guilty to robbery in the second degree in satisfaction of the indictment. Pursuant to the plea bargain, defendant was promised an indeterminate sentence of from four to eight years’ imprisonment. On September 24, 1992, following a predicate felony proceeding, defendant was sentenced as a second felony offender to the agreed upon term. He now moves pursuant to CPL 440.20 (1) to set aside the sentence on the ground that his adjudication and sentencing as a second felony offender was erroneous and, therefore, illegal.
At the time of defendant’s sentencing, the People filed a second felony offender statement in accordance with CPL 400.21. The statement indicated, in part, that the predicate felony upon which the second felony offender status was being sought was grand larceny in the third degree; that defendant had pleaded guilty thereto on July 18, 1991; and, that he had been sentenced on such date to a prison term of six months plus five years’ probation.
Defendant was advised that he could controvert any of the allegations in the statement; that all allegations not controverted would be deemed admitted by him; that he could request a hearing on the allegations in the statement; and, that he could raise the issue of the constitutionality of the July 18, 1991 conviction. He was also advised that a prior felony conviction might serve to increase the sentence for the felony of which he then stood convicted. Defendant, at the time represented by different counsel, admitted the prior felony conviction and did not challenge the allegations in the felony statement. Consequently, as previously noted, he was adjudicated and sentenced as a second felony offender.
Defendant now maintains that the adjudication was based on an error of law in that the July 18, 1991 conviction, by statutory definition, could not serve as a predicate felony. Pursuant to Penal Law § 70.06 (1) (b) (ii), in order for a prior felony conviction to be a predicate felony conviction, sentence thereon *46 must have been imposed before commission of the present felony (see, People v Kotler, 118 AD2d 592; People v Traynor, 101 AD2d 898, 899). In the present case, the crime at issue was committed on April 6, 1991. The defendant was both convicted of and sentenced for the prior felony on July 18, 1991, approximately three months later.
The People concede that the July 18, 1991 conviction does not meet the statutory definition of a predicate felony which may be used to enhance a sentence under Penal Law § 70.06.
Despite their concession, the People argue that defendant waived his right to contest his second felony offender status when he failed to controvert the allegations in the felony statement at the predicate felony proceeding and, indeed, admitted both the prior and present felony convictions. They maintain that defendant’s sentence was, thus, legally imposed and may not now be set aside.
The People cite in support of their position People v Smith (73 NY2d 961), People v Sullivan (153 AD2d 223), People v Jackson (151 AD2d 781) and People v Banks (117 AD2d 611). These cases concern a defendant’s failure to preserve the issue of his or her adjudication as a second felony offender for direct appeal from the conviction. Despite somewhat broad language in these and other Appellate Division cases concerning "foreclosure” or "waiver” of the right to contest the sentences (see, e.g., People v Early, 173 AD2d 884, 886 ["defendant waived any future allegation of * * * unconstitutionality” of prior conviction]; People v Banks, 117 AD2d 611 [defendant’s "failure to object to, or controvert the use of, his prior felony conviction as a predicate felony, or request a hearing thereon, was a waiver of his right to challenge that conviction and its validity”]), there is nothing therein which precludes a trial court from addressing the issue on a CPL article 440 motion.
The leading case cited by the People is People v Smith (supra), which held that by failing to object at the predicate felony hearing, a defendant prevents the appellate Court from having a record upon which it is able to review the legality of the sentence (People v Sullivan, supra, at 233). That rationale does not apply here, where the error of law was mutual mistake as to the effect of certain dates, and which error is clear from the face of the record (see, People v Adams, 164 AD2d 546, 551-552). Indeed, the Court of Appeals has recognized that a CPL article 440 motion is the proper vehicle for addressing an alleged illegal sentence arising from mutual mistake of fact or law (see, Matter of Kisloff v Covington, 73 NY2d 445).
*47 Nor does CPL 400.21 (8) require a different result. This section states that "[w]here a finding [that the defendant has been subjected to a predicate felony conviction] has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise.” However, here the court’s finding was not made "pursuant to [the] section” inasmuch as the People, on the face of the record, failed to meet their burden of proof with respect to the defendant having been subject to a predicate felony conviction (CPL 400.21 [7] [a]). Moreover, as defendant has already served the minimum agreed term and is currently on work release, the interests of justice require that the erroneous second felony offender status be corrected (see, CPL 440.20 [3]; People v Candelario, 183 AD2d 440).
As defendant was improperly adjudicated a second felony offender at the time of his sentencing, the sentence imposed was unauthorized. Accordingly, defendant’s motion to set aside his sentence is granted. A resentencing hearing shall be held on a date to be set by the court. Prior to resentencing, if they are so advised, the People may seek to readjudicate the defendant a second felony offender based upon a different prior felony conviction (People v Wallace, 188 AD2d 499).