■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAULA SANFORD, Respondent. [808 NYS2d 274]—

Appeal by the People from an order of the Supreme Court, Kings County (D'Emic, J.), dated April 28, 2004, which granted the defendant's motion to dismiss Kings County Indictment No. 6893/03 against her.

Ordered that the order is reversed, on the law, the motion is

denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant, a geriatric nurse, was indicted for a variety of charges arising from the death of her 87-year-old mother. The People presented the following relevant evidence to the grand jury: The defendant's mother was found dead at the bottom of a flight of stairs. Initially, the defendant denied any knowledge as to how her mother fell. However, after an autopsy revealed extensive bruising over the mother's body, the police re-interviewed the defendant, who admitted that her mother had fallen down the stairs during a confrontation. The defendant stated that her mother was yelling at her and pointing her finger in her face. She grabbed her mother's finger, her mother jerked her finger from the defendant's grasp, and her mother lost her balance and fell down the stairs. The defendant asserted that when she tried to help, her mother told her, "Get out of here," as she struggled to get up. The defendant then left at around 2:50 P.M. to run errands. When the defendant returned at around 7:50 P.M., she found her mother at the bottom of the stairs. The defendant asserted that she called the 911 emergency telephone number when her attempts to resuscitate her mother using cardiopulmonary resuscitation failed. The defendant also told police that her mother was in the beginning stages of Alzheimer's disease, had a heart condition, a hip injury which caused her to limp, and arthritis. The defendant initially attempted to explain her mother's extensive bruising by asserting that her mother bruised easily because she was taking blood thinners. However, she admitted that her mother had last taken blood thinners four years earlier. An autopsy of the mother revealed fractured ribs on the right side and some contusions of the right lung, in addition to various cuts and abrasions, and extensive bruising. The cause of death was determined to be blunt impact injuries to the torso. The time of death was placed at between 4:00 and 5:00 P.M.

The defendant was indicted for manslaughter in the second degree, criminally negligent homicide, reckless endangerment in the first and second degrees, and assault in the third degree. The Supreme Court granted a motion by the defendant to dismiss the indictment as not being supported by legally sufficient evidence. We reverse.

Contrary to the determination of the Supreme Court, the evidence before the grand jury was legally sufficient to establish the offenses charged (see People v Jennings, 69 NY2d 103 [1986]; People v Diaz, 201 AD2d 580 [1994]; CPL 210.20 [1] [b]). The

sum of the competent and admissible evidence presented, including the defendant's admitted involvement in the events that precipitated her mother's fall, the defendant's knowledge of her mother's age and health, the seriousness of the fall as shown by her mother's injuries and subsequent death, and the defendant's failure to have rendered or summoned aid for approximately five hours, although she was a geriatric nurse, if unexplained and uncontradicted at trial, would support a jury verdict that the defendant recklessly or with criminal negligence caused the death of or injuries to her mother, or recklessly created a substantial risk of serious injury to her mother (see People v Galatro, 84 NY2d 160 [1994]; People v Ricardo B., 73 NY2d 228 [1989]; People v Warner-Lambert Co., 51 NY2d 295 [1980], cert denied 450 US 1031 [1981]). Thus, the indictment should not have been dismissed. Ritter, J.P., Goldstein, Skelos and Lifson, JJ., concur. [See 4 Misc 3d 180 (2004).]