OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the facts, and the accusatory instrument is dismissed.
Defendant was charged with two counts of reckless endangerment in the second degree (Penal Law § 120.20) upon allegations that he had left his 75-year-old mother, Joyce Pressman, and 85-year-old father, Joseph Pressman, in a parked motor vehicle unattended for about three hours, with the windows rolled up and with no keys for the vehicle, and the temperature outside being in excess of 80 degrees. The complainant officer further alleged, among other things, that both parents had dementia, that the vehicle had been parked in direct sunlight, that Joseph was frail and had difficulty walking, and that Joseph had remained in the car and died. During the jury trial, a motion was granted to dismiss the count of the accusatory instrument pertaining to Joyce. Following trial, defendant was found guilty of the count relating to Joseph.
The proof showed, among other things, that Joyce routinely and adequately had taken care of Joseph at home while defendant was at work and that defendant had left him in her care in the parked vehicle on the day in question across from defendant’s place of employment for between two and three hours while defendant was working. The evidence further showed that defendant had left the power windows “mostly closed” because he was afraid that if there was a thunderstorm, his parents would get wet. However, he left both passenger side doors open. Thereafter, when Joyce left the vehicle in search of a bathroom, she closed the car doors, with Joseph asleep inside, and she did not return.
The People’s witnesses included the family’s physician, who found it “very difficult” to say whether Joyce was capable of being alone with Joseph for several hours, noting that “[sometimes people have to do things for themselves and . . . you may go two, three hours where he doesn’t need any care or supervision. The situation will often dictate.” The physician expressed the opinion that he would be hard-pressed to find someone who *66 had devoted as much time and energy to his parents as defendant had. Furthermore, the medical report of the physician at a hospital where Joyce was taken at the conclusion of the day noted, among other things, that Joyce was alert with her memory, both distant and immediate, intact, and alert to her surroundings. A Westchester County Deputy Medical Examiner testified that, after a full autopsy, he had determined that the cause of Joseph’s death was, “in a general sense,” organ failure.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the factfinders’ opportunity to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Nonetheless, we find that the weight of the evidence does not, without the benefit of hindsight, support a determination that defendant recklessly engaged in conduct which created a substantial risk of serious physical injury to his father (see Penal Law §§ 10.00 [10]; 15.05 [3]; 120.20; cf. People v Sanford, 24 AD3d 572 [2005]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument dismissed.
LaCava, J.P, Nicolai and LaSalle, JJ., concur.