[638 NYS2d 193]

In the Matter of HOME CARE ASSOCIATION OF NEW YORK STATE, INC., Respondent, v MICHAEL J. DOWLING, as Commissioner of Social Services of the State of New York, Appellant.

Third Department, February 22, 1996

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Victor Paladino* and *Peter G. Crary* of counsel), for appellant.

*Gleason, Dunn, Walsh & O'Shea,* Albany *(Thomas F. Gleason* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

To fulfill its obligation under the Medicaid program to provide home health care services (*see,* 42 USC § 1396d [a] [7]), New York utilizes certified home health agencies (hereinafter CHHA), home care providers that are licensed and regulated by the State (*see,* Public Health Law § 3602 [3]; § 3614 [1]). In 1991, the Legislature enacted Social Services Law § 367-j to provide a structure for linking Medicaid recipients with proper levels of home care and to establish reasonable controls over public expenditure levels (*see,* Historical and Statutory Notes, McKinney's Cons Law of NY, Book 52A, Social Services Law § 367-j, at 323). Under this scheme, a CHHA may not provide home health services unless they are prescribed by the recipient's physician and a "fiscal assessment" is made by the CHHA (*see,* 18 NYCRR 505.23). Pertinent to this matter, a recipient is entitled to a fair hearing only in certain limited circumstances when home health care services are discontinued or reduced (18 NYCRR 505.23 [d] [1]).

Predicated upon the contention that these limited fair hearing rights contravene the Federal statute and regulations requiring a State to provide an opportunity for a fair hearing whenever a claim for assistance is denied or not acted upon promptly (*see,* 42 USC § 1396a [a] [3]; 42 CFR 431.200-431.246), actions challenging the limitation were commenced in United States District Court for the Western District of New York and Supreme Court, New York County (*see, Catanzano v Dowling,* 847 F Supp 1070; *Burland v Dowling,* Sup Ct, New York County, Jan. 5, 1994, Lebedeff, J.). In each case, the courts issued preliminary injunctions directing respondent, *inter alia,* to provide notice and hearing rights to all Medicaid applicants or recipients who had their home health care services terminated or reduced without the benefit of notice or a hearing. The Federal District Court further directed respondent to implement these procedures within 15 days of the entry of its order.

To comply with these injunctions, respondent issued a memorandum on February 25, 1994 (hereinafter the memorandum)

directing local social service districts to review their files for each home care recipient for whom a CHHA had completed a fiscal assessment and where, as the result of that assessment, home care services had been discontinued or reduced, to direct the CHHA to reinstate the home health care services and complete a new fiscal assessment.[1] The local districts were further directed to send a recipient timely notice and provide an opportunity for a hearing to review any proposed reduction or discontinuance of services proposed by the CHHA as the result of the new fiscal assessment.

Thereafter, petitioner, a not-for-profit membership corporation whose members include over 300 CHHAs, commenced this CPLR article 78 proceeding challenging the memorandum's directives as not being promulgated in compliance with NY Constitution, article IV, § 8 and the State Administrative Procedure Act. Respondent moved to dismiss the petition on the grounds that petitioner lacked standing and the petition failed to state a cause of action. Following Supreme Court's denial of the motion, the parties stipulated to the entry of a judgment annulling the memorandum's directives and declaring them to have been issued in violation of the State Administrative Procedure Act. This appeal ensued.[2]

Initially, we note that the memorandum's directives constitute a "rule" within the meaning of the State Administrative Procedure Act since they set forth fixed general principles applicable to CHHAs that are to be applied without regard to individualized circumstances or mitigating factors (*see, Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301; *Matter of Cordero v Corbisiero*, 80 NY2d 771).

The State Administrative Procedure Act requires that, prior to the adoption of a rule, an administrative agency, *inter alia*, must submit notice of the proposed rule to the Secretary of State for publication in the State Register and afford the public a period of at least 45 days to submit comments (State Administrative Procedure Act § 202 [1]). It is undisputed that respondent did not comply with these requirements. He nevertheless maintains that the memorandum's directives should be

---

1. It appears that these directives have been superseded by the Federal District Court's order directing respondent to adopt its plan implementing its preliminary injunction (*see, Catanzano v Dowling*, 900 F Supp 650, 653). The issues raised herein remain extant, however.

2. Respondent has not raised any argument in his brief regarding petitioner's lack of standing. Hence, we deem this argument abandoned (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed and denied* 81 NY2d 867).

sustained as he was not required to comply given the fact that he was compelled by court orders to take immediate action or otherwise face the prospect of being held in contempt.

State Administrative Procedure Act § 202 provides only one exception from the requirements of subdivision (1); where an agency finds that immediate adoption of a rule is necessary for the preservation of the public health, safety or general welfare and that compliance with the requirements of State Administrative Procedure Act § 202 (1) would be contrary to the public interest, it may dispense with all or part of the requirements of subdivision (1) and adopt a rule on an emergency basis (State Administrative Procedure Act § 202 [6]).

This being the only exception provided for in the statute, it is a fair inference that the Legislature intended that no other exception be attached by implication (see, McKinney's Cons Laws of NY, Book 1, Statutes § 213). Further, given the statute's intent of providing the public with simple, uniform administrative procedures (State Administrative Procedure Act § 100), this exception should be narrowly construed (see, Methodist Hosp. v Shalala, 38 F3d 1225, 1236 [involving the Federal Administrative Procedure Act upon which the State Administrative Procedure Act is modeled]).[3] We further note that Federal courts have stated that the mere existence of deadlines for agency action, whether set by statute or court order, does not in itself constitute good cause for dispensing with the statute's notice and comment provisions (see, United States Steel Corp. v Environmental Protection Agency, 649 F2d 572, 575; State of New Jersey, Dept. of Envtl. Protection v United States Envtl. Protection Agency, 626 F2d 1038, 1042; United States Steel Corp. v United States Envtl. Protection Agency, 595 F2d 207, 213). For these reasons we cannot accept respondent's contention that the deadlines imposed by the Federal court justified his noncompliance with the State Administrative Procedure Act, particularly his failure to adopt an emergency rule which is the only permissible course of action available to an agency when it finds it cannot comply with the requirements of State Administrative Procedure Act § 202 (1).

Therefore, inasmuch as the memorandum's directives were not promulgated in substantial compliance with State Admin-

3. See, NY Law Rev Commn, Report and Recommendations Relating to an Administrative Procedure Act, 1966 Legis Doc No. 65 (A), at 15.

istrative Procedure Act § 202, we affirm Supreme Court's judgment (*see,* State Administrative Procedure Act § 202 [8]).

CARDONA, P. J., MERCURE, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, with costs.