■ KERRY KOTLER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 86653.) [680 NYS2d 586] —In a claim to recover damages pursuant to Court of Claims Act § 8-b for unjust conviction and imprisonment, the defendant appeals from (1) an interlocutory judgment of the Court of Claims (Silverman, J.), dated February 14, 1996, which, after a nonjury trial, found it liable for the claimant's unjust conviction and imprisonment, and (2) a judgment of the same court, dated July 14, 1997, which awarded the claimant the principal sum of $1,510,000, and the claimant cross-appeals from so much of the judgment as failed to award damages for future lost earnings and limited his past lost earnings to $125,000.

Ordered that the appeal from the interlocutory judgment is dismissed, without costs or disbursements, as the interlocutory judgment was superseded by the judgment; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant was incarcerated for a period of 10 years, 8 months, and 2 days as a result of his conviction in 1982, *inter alia*, of two counts of rape in the first degree. In 1992, on consent of the Suffolk County District Attorney's Office, the claimant's judgment of conviction was vacated based on the results of DNA testing conducted by his own and the State's experts. Thereafter, the claimant brought this action pursuant to Court of Claims Act § 8-b, known as the Unjust Conviction and Imprisonment Act of 1984. In a bifurcated trial, the Court of Claims determined that the claimant was unjustly convicted and imprisoned and awarded him the principal sum of $1,510,000.

The court properly rejected as speculative the State's contention regarding alleged contamination of the DNA sample. Thus, the claimant met his burden of proving his innocence by clear and convincing evidence (*see, Coakley v State of New York,* 225 AD2d 477).

Furthermore, we perceive no error in the court's award of damages (*see, Poturniak v Rupcic,* 232 AD2d 541; *Papa v City of New York,* 194 AD2d 527; *cf., Sunrise Plaza Assocs. v International Summit Equities Corp.,* 212 AD2d 690; *Yonkers City Post No. 1666 v Bottiglieri,* 143 AD2d 267).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.