■ In the Matter of KATHLEEN O'SHEA, Petitioner, v STATE OF NEW YORK, OFFICE OF THE COMPTROLLER, as Garnishee Indebted to KERRY KOTLER, Respondent. KERRY KOTLER, Appellant. H. CARL MCCALL, as New York State Comptroller, Respondent, v VITALE & LEVITT, P. C., et al., Defendants. RUTH BENDER, Proposed Intervenor-Appellant. [722 NYS2d 109] —Cardona, P. J. Appeals from a judgment and two orders of the

---

Supreme Court (Malone, Jr., J.), entered August 23, 1999 and November 3, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78 and an action for defensive interpleader pursuant to CPLR 1006 (b), *inter alia*, granted petitioner's motion for summary judgment.

The subject appeals concern the disposition of a $1,510,000 judgment awarded to Kerry Kotler in 1997 pursuant to Court of Claims Act § 8-b. That award, affirmed by the Second Department (*Kotler v State of New York*, 255 AD2d 429), concluded that Kotler was unjustly convicted in 1982 of seven counts of rape, robbery and burglary (*People v Kotler*, 118 AD2d 592, *lv denied* 67 NY2d 945). Kotler, released from prison in late 1992, was accused of a different rape committed against petitioner in August 1995. He was convicted of that crime in October 1997 (*People v Kotler*, 271 AD2d 548).

Petitioner sued Kotler for tort damages and judgment was entered on her behalf in September 1998 in the amount of $409,665.90 plus interest, poundage fees and disbursements. Thereafter, petitioner initiated the subject proceeding, pursuant to CPLR article 78, seeking an order compelling the State to disburse money from Kotler's judgment against the State to satisfy her judgment against Kotler. In addition to petitioner's claim, several cross claims, petitions to intervene and liens were filed in the CPLR article 78 proceeding, all seeking some portion of Kotler's judgment, including claims for unpaid legal fees and child support for Kotler's daughter.[1] The Comptroller filed a defensive interpleader complaint, pursuant to CPLR 1006 (f), seeking judicial disposition of Kotler's judgment. In March 1999, the Comptroller moved for discharge and requested that the accrual of interest at the 9% statutory rate (*see*, CPLR 5001 *et seq.*) be suspended nunc pro tunc as of March 1, 1999 based on the fact that the Comptroller was "prepared to pay [Kotler's] award, plus legal interest" on January 28, 1999.

In an order entered August 23, 1999, Supreme Court directed the Comptroller to pay $614,818.69 plus interest for counsel fees to the attorneys who successfully pursued Kotler's Court of Claims judgment. In a judgment entered November 3, 1999, Supreme Court also granted petitioner's motion for summary judgment, directing the Comptroller to pay petitioner the principal sum of $409,665.90 plus interest from September 8,

---

1. The combined amount of the claims asserted against Kotler's judgment exceeded $2,300,000, more than the value of the judgment and accrued interest, which was calculated at a total amount of $1,963,983.12 as of March 1, 1999.

1998, the entry of petitioner's judgment, to March 1, 1999 plus the statutorily imposed poundage, thereby discharging the Comptroller with respect to petitioner's claim to Kotler's judgment. In a final order entered November 3, 1999, Supreme Court granted the Comptroller's request to deposit the remaining portion of Kotler's judgment with the court, amounting to $789,195.58,[2] thereby discharging the Comptroller with respect to all other interpleader defendants. Kotler appeals from the judgment and two orders, as does proposed intervenor Ruth Bender, who is the trustee of trusts established by Kotler for the benefit of his daughter and his parents.

The sole issue raised by Kotler and Bender (hereinafter collectively referred to as appellants) is the propriety of Supreme Court's decision to suspend, nunc pro tunc, the accrual of interest on Kotler's judgment as of March 1, 1999.[3] Initially, we note that, pursuant to Court of Claims Act § 20 (7), interest on a judgment shall accrue from the date of judgment "until payment is actually made." While Court of Claims Act § 20 (7) has two enumerated exceptions, we do not find either applicable in the instant case.

There is no dispute that the exception contained in Court of Claims Act § 20 (7) (b) does not apply herein since it involves satisfactions of judgment and waiver of attorneys' liens. The other exception, contained in Court of Claims Act § 20 (7) (a), allows for suspension of interest "[i]n the event a certificate of no appeal is not forwarded by the claimant to the office of the comptroller of the state of New York within thirty days from [the] date of mailing said certificate to the claimant by the attorney general." Here, the record indicates that the Attorney

---

**2.** This amount reflected the remainder of the $1,963,983.12 award less the $705,020.69 paid in counsel fees and the $469,766.85 paid to petitioner. Supreme Court also directed Kotler's attorneys to pay to the court the sum of $20,917.69, which had apparently been paid to them due to a miscalculation and this amount was to be combined with the $789,195.58 for a total of $810,113.27.

**3.** Although appellants specifically restricted their appeal to the above-mentioned issue regarding interest accrual, they argued in their original brief that the judgment in petitioner's favor should also be reversed based on their claim that petitioner received too much money due to an alleged computational error on the part of Supreme Court. Nevertheless, in appellants' reply brief and in a letter to this Court, appellants have withdrawn all objections to the judgment in petitioner's favor and the propriety of the amount thereof and confine their claim to a dispute as to the correctness of the $789,195.58 amount paid over by the State as a result of the November 3, 1999 order. Significantly, there is no indication that either petitioner or Kotler's attorneys filed notices of appeal from the August 23, 1999 order and November 3, 1999 judgment directing their payment.

General's "Certificate of No Further Appeal" as required by Court of Claims Act § 20 (6) is dated December 17, 1998 and a copy of said certificate was forwarded to the Comptroller by Kotler's attorneys on January 4, 1999. Thus, there is no basis for a suspension of interest based upon these specific statutory exceptions.

Furthermore, although the State respondents recognize in their brief that the circumstances of the subject case may not fit squarely within the language of Court of Claims Act § 20 (7), they point out that the delay by Kotler and his lienors herein is similar to the type of delay set forth in Court of Claims Act § 19 (4), providing for the suspension of interest in the discretion of the court when delays attributable to claimants prevent timely issuance of an abstract of title in a condemnation case. Since both statutes suspend interest on the rationale that the State should not be liable for additional interest once it is ready, willing and able to pay, the State respondents maintain that the statutes "should be construed in a similar manner." However, assuming arguendo that the State may be correct in arguing that it "cannot be faulted in any way for the fact that the *Kotler v State* judgment was not paid in February of 1999," Court of Claims Act § 19 (4) specifically relates only to judgments involving real property and Court of Claims Act § 20 (7) does not contain a provision for discretionary suspension of interest. It is well settled that a statute " 'must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise' " (*Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 548-549, quoting *Lawrence Constr. Corp. v State of New York*, 293 NY 634, 639).

Given our conclusion that the accrual of interest should not have been suspended as of March 1, 1999, the November 3, 1999 order discharging the State and directing the payment of $789,195.58 to the court must be modified and the matter remitted for recomputation of the interest owed. Furthermore, since appellants have either abandoned or not properly raised arguments relating to the November 3, 1999 judgment and August 23, 1999 order, their appeals therefrom must be dismissed.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order entered November 3, 1999 is modified, on the law, without costs, by reversing so much thereof as directed payment of $789,195.58 reflecting interest accrued only until March 1, 1999; matter remitted to the Supreme Court for fur-

ther proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the appeals from the judgment entered November 3, 1999 and the order entered August 23, 1999 are dismissed, without costs.