■ George H. Greenman et al., Appellants, v John Page et al., Respondents. [772 NYS2d 439]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered April 8, 2003. The order denied plaintiffs' motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and granted defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying defendants' cross motion in part and reinstating the Labor Law § 240 (1) and § 241 (6) causes of action and granting plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by George H. Greenman (plaintiff) when he fell from a roof while performing construction work on defendants' property. Plaintiffs appeal from an order denying their motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and granting defendants' cross motion for summary judgment dismissing the complaint.

We conclude that Supreme Court properly granted that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence cause of action. Here, defendants established as a matter of law that they had no actual or constructive knowledge of any defective condition at the work site and that they exercised no control or supervision over plaintiff's work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Severino v Hohl Indus. Servs.*, 300 AD2d 1049, 1049-1050 [2002]; *Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 836 [2002], *lv denied* 100 NY2d 502 [2003]; *cf. Ciesielski v Buffalo Indus. Park*, 299 AD2d 817, 818-819 [2002]), and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We are next called upon to decide the applicability of the homeowner exemption set forth in Labor Law § 240 (1) and § 241 (6), i.e., the statutory exemption from strict liability extended to owners of one- and two-family dwellings. The dissent adopts a literal plain meaning interpretation of that exemption. Over 10 years ago, however, in the case of *Van Amerogen v Donnini* (78 NY2d 880, 883 n [1991]), the Court of Appeals rejected the "literal 'plain meaning' interpretation" adopted by the dissent in that case. Instead, the Court looked to the purpose of the Legislature in enacting the exemption and, in keeping with the strong public policy in favor of protecting workers compelled to perform dangerous jobs, concluded that the exemption extends only so far as its language " 'fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception' (McKinney's Cons Laws of NY, Book 1, Statutes § 213; *see, Matter of Radich v Council of City of Lackawanna*, 93 AD2d 559 [1983], *affd* 61 NY2d 652 [1983])" (*id.* at 882). In holding that the exemption did not apply to a

one-family house used as rental property for college students, the Court in a footnote criticized the literal interpretation of the dissent therein, stating that the exemption would apply "even to developer/owners of one[-] and two-family houses constructed for resale" (*id.* at 883 n). Such are the facts of this case. Defendant John Page is a developer who rehabilitates older homes for resale, and he contracted with plaintiff's employer to perform renovations on at least four houses on Parsells Avenue in the City of Rochester.

Consequently, we modify the order by denying defendants' cross motion in part and reinstating the Labor Law § 240 (1) and § 241 (6) causes of action and granting plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action.

All concur except Green and Scudder, JJ., who dissent in part and vote to affirm in the following memorandum: Green and Scudder, JJ. (dissenting in part). We respectfully dissent in part because we cannot agree with the majority that the homeowner exemption set forth in Labor Law § 240 (1) and § 241 (6) is inapplicable to defendants herein. Thus, in our view, Supreme Court properly granted those parts of defendants' cross motion for summary judgment dismissing those causes of action and denied plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action. Had George H. Greenman (plaintiff) been injured while working on one of the houses purchased by defendants other than the one on which he was working, we would agree that the homeowner exemption would not apply because those other houses were intended to be used "exclusively for commercial purposes as income-producing rental property" (*Van Amerogen v Donnini,* 78 NY2d 880, 883 [1991]; *see Lombardi v Stout,* 80 NY2d 290, 296-297 [1992]; *Trala v Egloff,* 258 AD2d 924, 924-925 [1999]). Here, however, plaintiff fell from the roof of a two-family dwelling in which defendant John Page was residing in the upper apartment; the lower apartment was leased to a tenant. Thus, the dwelling was used for both residential and commercial purposes, and it is well settled that, "when the owner[s] of a one- or two-family dwelling contract[ ] for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, [those owners are] shielded by the homeowner exemption from the absolute liability of Labor Law §§ 240 and 241" (*Bartoo v Buell,* 87 NY2d 362, 368 [1996]; *cf. Sweeney v Sanvidge,* 271 AD2d 733, 735 [2000], *lv dismissed* 95 NY2d 931 [2000]; *Trala,* 258 AD2d at 925; *Morelock v Danbrod Realty Corp.,* 203 AD2d 733, 735 [1994]). We therefore would af-

firm. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.