■ RAYMOND R. COOPER et al., Respondents, v SONWIL DISTRIBUTION CENTER, INC., Appellant. [789 NYS2d 583]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered April 5, 2004. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Raymond R. Cooper (plaintiff) when he tripped and fell on debris while he was performing demolition work at defendant's warehouse. Supreme Court erred in denying those parts of defendant's motion seeking summary judgment dismissing plaintiffs' common-law negligence cause of action and Labor Law § 200 claim. Defendant met its burden of

establishing that it did not supervise or control the work resulting in plaintiff's injury, and plaintiffs failed to raise a triable issue of fact (*see Greenman v Page*, 4 AD3d 752, 753 [2004]; *see also Reger v Harry's Harbour Place Grille* [appeal No. 2], 5 AD3d 1065, 1067 [2004]). The daily presence of defendant's construction manager at the work site to check on the progress of the work "does not constitute the control or supervision necessary to establish liability under section 200 or for common-law negligence" (*Riley v John W. Stickl Constr. Co.*, 242 AD2d 936, 937 [1997]).

The court also erred in denying that part of defendant's motion seeking summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim, which is premised on defendant's alleged violation of 12 NYCRR 23-1.7 (e) (1) and (2). Defendant is not liable for violating that regulation where, as here, plaintiff "tripped over demolition debris created by him and his coworkers, which was an integral part of the work being performed" (*Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *see Cabrera v Sea Cliff Water Co.*, 6 AD3d 315, 316 [2004]; *see also Bond v York Hunter Constr.*, 270 AD2d 112, 113 [2000], *affd* 95 NY2d 883 [2000]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Hayes, JJ.