■ In the Matter of BRADFORD SHAW et al., Appellants, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. [805 NYS2d 718]—

Kane, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered August 23, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to invalidate a regulation promulgated by respondent Department of Education.

In 2002, the Legislature enacted Education Law § 7211, which imposes mandatory continuing education requirements on professional engineers (see L 2002, ch 146).[1] The Legislature provided an exemption from the continuing education requirements for "[p]rofessional engineers directly employed on a full time basis by the State of New York . . . prior to January first, two thousand four and who are represented by a collective bargaining unit" (Education Law § 7211 [1] [d]). Respondent Department of Education (hereinafter Department) issued regulations to implement this statute. The regulations include an exemption for any licensed engineer who "was directly employed on a full-time basis by the State of New York . . . in a position requiring licensure in engineering and is represented by a collective bargaining unit at all times when so employed" (8 NYCRR 68.11 [c] [2] [i] [a]).

Petitioner Bradford Shaw and petitioner Kevin McGarry are professional engineers who were employed by the state prior to January 1, 2004 and are members of a collective bargaining unit.[2] Although Shaw and McGarry are licensed engineers, they are not eligible for the exemption under the regulations because they are employed in civil service positions that do not require licensure, though being a licensed engineer is one way to qualify for those positions. Petitioners commenced this proceeding contending that the exemption in the regulations is contrary to Education Law § 7211 (1) (d) to the extent that it exempts only licensed engineers who are employed in positions requiring an engineering license. After respondents answered, Supreme Court dismissed the petition, concluding that the regulation is consistent with the intent of the statute. Petitioners appeal.

The regulations constitute a rational implementation of the

---

1. Professional engineers are defined by statute as those engineers who are either licensed under Education Law § 7206 or "otherwise authorized" (Education Law § 7202).

2. Petitioner Roger E. Benson is president of that collective bargaining unit.

statute's continuing education exemption. "An administrative agency's exercise of its rule-making powers is accorded a high degree of judicial deference . . ." (*Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health*, 85 NY2d 326, 331 [1995] [citations omitted]). Exemptions to a statute's general rule should be narrowly construed, erring in favor of the general provision rather than the exception (*see Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]; *Greenman v Page*, 4 AD3d 752, 753 [2004]). When a "literal 'plain meaning' interpretation" of a statutory exemption produces a result not intended by the Legislature, the exemption should be limited (*Van Amerogen v Donnini, supra* at 883 n; *see Greenman v Page, supra* at 753).

Applying these rules, 8 NYCRR 68.11 (c) (2) (i) (a) is a rational, nonarbitrary implementation of the Education Law's continuing education exemption. The statute's legislative history suggests that the exemption was enacted because licensees employed as professional engineers in the public sector had documented training opportunities that would obviate the need for further continuing education requirements (*see* Senate Mem in Support, 2002 McKinney's Session Laws of NY, at 1770). Licensed engineers employed in positions that do not require licensure, however, would not necessarily receive the same training opportunities. If the exemption extends to persons in positions which do not require licensure, the legislative intent of exempting public employees who have documented training opportunities would be frustrated (*see Matter of ATM One v Landaverde*, 2 NY3d 472, 476-477 [2004] [" 'the proper judicial function is to discern and apply the will of the [Legislature]' " (citation omitted)]; *Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003] [noting that a statute's legislative history is relevant and should not be ignored even if the words are clear]; *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). Hence, the regulation's exemption of only licensed engineers whose positions require licensure is rational and not arbitrary.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.