ANCOR, INC., Respondent, v BSB BANK & TRUST COMPANY, Appellant. (Appeal No. 1.) [824 NYS2d 860]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered June 13, 2005. The order, among other things, granted in part plaintiff's motion for leave to amend the complaint to add a claim asserting a violation of the lien law of Minnesota.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant and counterclaimant, BSB Bank & Trust Company (BSB), appeals from an order insofar as it granted that part of the motion of plaintiff, AnCor, Inc. (AnCor), for leave to amend the complaint to add a claim asserting a violation of the lien law of Minnesota, and denied the cross motion of BSB for summary judgment dismissing the complaint and for summary judgment on its counterclaim. In appeal No. 2, BSB appeals from an order that granted AnCor's motion for leave to further amend the complaint to add claims asserting violations of the lien laws of Arizona and Michigan. BSB contends that Supreme Court should have denied AnCor's motion in appeal No. 2 and denied, in its entirety, AnCor's motion in appeal No. 1. BSB further contends, in appeal No. 1, that the court should have granted its cross motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim.

Leave to amend pleadings generally is granted as long as "the opponent is not surprised or prejudiced by the proposed amendment, and the proposed amendment appears to be meritorious" (*Paolano v Southside Hosp.*, 3 AD3d 524, 524 [2004]). "Prejudice to the nonmoving party is shown where that party is 'hindered in the preparation of its case or has been prevented from taking some measure in support of its position' " (*Rothberg v Reichelt*, 5 AD3d 848, 849 [2004]). Prejudice is not found in the mere exposure of a party to greater liability (*see Silvin v Karwoski*, 242 AD2d 945 [1997]). As a general rule, motions for leave to amend a complaint are addressed to the discretion of the trial court (*see Rothberg*, 5 AD3d at 849). Contrary to BSB's contention with respect to both appeals, the court did not abuse its discretion in allowing AnCor to amend the complaint to assert violations of the lien laws of the various states. The language of the statutes in those states is similar to that of the New York Lien Law in that the diversion of funds payable to a subcontractor constitutes a violation of the statutes. Thus, the proposed amendments to the complaint are meritorious on their face. In addition, BSB did not establish that the proposed amendments would result in any prejudice to its position.

Contrary to the further contention of BSB in appeal No. 1, the court properly denied its cross motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim. There are questions of fact whether the parties agreed to extend the terms of the loan and whether BSB's setoff violated the New York Lien Law. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.