■ ROBERT KRUGER, ESQ., as Guardian of the Property of JAVIER TACURI, Appellant, v EMFT, LLC, et al., Respondents. [930 NYS2d 11]—

On November 24, 2008, Javier Tacuri (hereinafter the plaintiff) allegedly was injured when he fell from an elevation while working on a construction project at 365 Broadway in Manhattan (hereinafter the subject premises). At the time of the occurrence, he was employed by the defendant Bridge Street Contracting, Inc., of which the defendant Robert Moezina was president and the defendant Santiago Aurapina was an employee (hereinafter collectively the Bridge defendants). The defendant EMFT, LLC (hereinafter EMFT), owned the subject premises. The defendant Michael Moezina was a member and trustee of EMFT. After the occurrence, the plaintiff received workers' compensation benefits through his employer's coverage. In February 2009, he commenced this action.

The Bridge defendants moved pursuant to CPLR 3211 (a) (7)

to dismiss the complaint insofar as asserted against them on the basis of the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6). The defendants EMFT, Eshagh Moezinia Family Trust, Cherechian Trading Co., Michael Moezina, and Eshagh Moezina, also known as Isaac Moezina (hereinafter collectively the EMFT defendants), cross-moved to dismiss the cause of action to recover damages for failure to provide emergency care and the punitive damages claims insofar as asserted against them. The plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to amend the complaint to add causes of action against Robert Moezina, Michael Moezina, and Aurapina to recover damages for, inter alia, intentional breach of the voluntarily assumed duty of care, negligent infliction of emotional distress, assault, and intentional infliction of emotional distress.

In essence, the plaintiff alleges that, after he fell, a supervisor had directed workers to awaken him from unconsciousness by throwing buckets of cold water on him and not to take him to the hospital because he was an undocumented worker, presumably employed illegally by the Bridge defendants. The plaintiff further claims that he sustained traumatic brain injury, cognitive defects, and mild cardiac damage as a result of the Bridge defendants taking him home instead of to the hospital after having called an ambulance, which occasioned a 2½ hour delay in receiving medical treatment for the injuries sustained. By separate cross motion, the plaintiff sought leave to further amend the complaint to add a cause of action against all the defendants to recover damages for civil battery. In the order appealed from, the Supreme Court denied the Bridge defendants' motion and the EMFT defendants' cross motion, as well as the plaintiff's two cross motions for leave to amend the complaint.

Leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or unless prejudice or surprise to the opposing party results directly from the delay in seeking leave to amend (see CPLR 3025 [b]; Lucido v Mancuso, 49 AD3d 220, 225-229 [2008]; Buckholz v Maple Garden Apts., LLC, 38 AD3d 584, 584 [2007]).

"The Workers' Compensation Law provides the exclusive remedy for an employee who seeks damages for unintentional injuries which he or she incurs in the course of employment" (Pereira v St. Joseph's Cemetery, 54 AD3d 835, 836 [2008]). "While an intentional tort may give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employ-

ee' " (*Miller v Huntington Hosp.*, 15 AD3d 548, 549 [2005] [some internal quotation marks omitted], quoting *Fucile v Grand Union Co.*, 270 AD2d 227, 228 [2000]). Here, accepting as true the factual averments of the proposed amendments to the complaint, the plaintiff adequately pleaded legally cognizable causes of action based upon the intentional tort of battery and, as pleaded, an intentional breach of a voluntarily assumed duty of care to provide medical care (*see Orzechowski v Warner-Lambert Co.*, 92 AD2d 110, 112 [1983]; *Miller v Huntington Hosp.*, 15 AD3d at 548-549).

The Supreme Court properly denied that branch of the plaintiff's first cross motion which was for leave to add a cause of action to recover damages for the negligent infliction of emotional distress, as such a claim, based on negligence, is barred by the Workers' Compensation Law and is, thus, patently devoid of merit (*see Miller v Huntington Hosp.*, 15 AD3d at 550; *Gagliardi v Trapp*, 221 AD2d 315, 316 [1995]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.