*610 OPINION OF THE COURT
Daniel Palmieri, J.
The motion by the defendant to amend its answer to assert affirmative defenses based on the exclusive remedy of the Workers’ Compensation Law and noncompliance with CPLR 9801 and General Municipal Law § 50-e is granted to the extent that the proposed eighth affirmative defense (Workers’ Compensation Law) may be asserted insofar as it addresses the third cause of action, and is otherwise denied.
Any request for relief not specifically addressed is denied.
The plaintiffs, all former lifeguards at the defendant’s parks, allege that defendant surreptitiously installed a video recording device in the room where they changed into and out of their bathing suits, that such action violated Labor Law § 203-c and that they were damaged thereby. This action was commenced in August 2010, extensive discovery undertaken and a note of issue filed on December 3, 2012. This motion was made a year later on December 3, 2013, and no explanation has been offered by the defendant for the delay in asserting the proposed new defenses. The case is scheduled for jury selection on March 3, 2014.
Labor Law § 203-c provides as follows:
“1. No employer may cause a video recording to be made of an employee in a restroom, locker room, or room designated by an employer for employees to change their clothes, unless authorized by court order.
“2. No video recording made in violation of this section may be used by an employer for any purpose.
“3. In any civil action alleging a violation of this section, the court may:
“(a) award damages and reasonable attorneys’ fees and costs to a prevailing plaintiff; and
“(b) afford injunctive relief against any employer that commits or proposes to commit a violation of this section.
“4. The rights and remedies provided herein shall be in addition to, and not supersede, any other rights and remedies provided by statute or common law.
“5. The provisions of this section do not apply with respect to any law enforcement personnel engaged *611 in the conduct of his or her authorized duties.”
The hill sponsor’s memorandum states, inter alia, that a violation could result in an employee suing an employer for damages; this was consistent with the expressed justification for the law, which was to place appropriate limits on the increased use of technology by employers to monitor the activities of employees. (Senate Introducer’s Mem in Support, Bill Jacket, L 2006, ch 154, 2006 McKinney’s Session Laws of NY at 1653.) There is no distinction in the statute between public and private employees.
Upon the discovery by the affected employees of the video surveillance system in their changing room, notices of claim were timely served on defendant. Thereafter, the complaint was filed. It alleges four causes of action all based upon the facts noted above.
The first cause of action explicitly refers to and alleges a violation of Labor Law § 203-c. The second cause of action sounds in negligent infliction of emotional harm, as it alleges that defendant was negligent in installing the video recording device in the room without warning the plaintiffs thereof, causing distress. The third alleges intentional infliction of emotional harm by dint of these same actions. The fourth seeks attorney’s fees and costs pursuant to the Labor Law.
On this motion the defendant seeks to add two new defenses. The first is a defense founded on the statutory bar against being sued as plaintiffs’ employer pursuant to Workers’ Compensation Law §§ 11 and 29 (6). Although this proposed defense—the eighth—refers to the Workers’ Compensation Law as a bar to “common law claims” (plural), counsel’s supporting affirmation and defendant’s memorandum of law refer solely to the negligence claim. However, the defense remains general as proposed and thus must be deemed to apply to both the second and third causes of action, as both assert common-law principles as grounds for relief.
The second new defense, the ninth, asserts that the plaintiffs have failed to comply with CPLR 9801 and General Municipal Law § 50-e in that their notices are inadequately pleaded.
Leave to amend pleadings is usually freely given unless the proposed amendment will prejudice or surprise the opposing party, or the proposed amendment is patently insufficient or devoid of merit. (Unger v Leviton, 25 AD3d 689 [2d Dept 2006].) Mere lateness is not a barrier. However, lateness coupled with significant prejudice to the other side, the very element of the *612 laches doctrine, is a bar. (St. Paul Fire & Mar. Ins. Co. v Town of Hempstead, 291 AD2d 488 [2d Dept 2002].) Prejudice is shown where that party is hindered in the preparation of its case or has been prevented from taking some measure in support of its position. (AnCor, Inc. v BSB Bank & Trust Co., 34 AD3d 1282 [4th Dept 2006].) In this case the court can discern no prejudice to the plaintiffs such that it should not address the merits.
This is especially true with regard to the proposed Workers’ Compensation Law defense. All discovery has been completed and the matter has appeared on the trial calendar. Nevertheless, it has been held that where no prejudice has been shown an amendment raising the bar of workers’ compensation should be allowed during or even after trial. (Murray v City of New York, 43 NY2d 400 [1977].) The rationale is that this defense can come as no surprise to a plaintiff whose entire case is predicated upon her employment by the defendant. A waiver of the defense may occur, but only where a defendant ignores the issue to the point of final disposition itself. (Id. at 407; see also Caceras v Zorbas, 74 NY2d 884 [1989] [motion to amend the defense of workers’ compensation could be made even after jury selection, albeit the trial court had discretion to deny the motion upon a showing of prejudice]; cf. Alrose Oceanside, LLC v Mueller, 81 AD3d 574 [2d Dept 2011] [when leave is sought on the eve of trial, judicial discretion in favor of leave should be exercised sparingly]; American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co., 68 AD3d 792 [2d Dept 2009].)
Turning to the substance of this proposed amendment, the court holds that the eighth proposed affirmative defense should be allowed only with regard to the third cause of action, a common-law claim based on intentional infliction of emotional harm, but that the defense is palpably without merit concerning the claim of negligence, the second cause of action.
Ordinarily a court will not examine the merits of a proposed amendment unless the insufficiency or lack of merit is clear and free from doubt. (See Lucido v Mancuso, 49 AD3d 220 [2d Dept 2008]; Joazard v Joazard, 83 AD3d 664 [2d Dept 2011]; see also Crespo v Pucciarelli, 21 AD3d 1048 [2d Dept 2005]; Alatorre v Hee Ju Chun, 44 AD3d 596 [2d Dept 2007] [affirmative defenses of bar of workers’ compensation permitted].)
Here, however, the workers’ compensation defense as it applies to the negligence cause of action clearly is without merit. Generally speaking, it is of course true that the Workers’ *613 Compensation Law provides the exclusive remedy for an employee seeking damages for unintentional injuries incurred during the course of employment. (Kruger v EMFT, LLC, 87 AD3d 717 [2d Dept 2011]; Pereira v St. Joseph’s Cemetery, 54 AD3d 835 [2d Dept 2008].) However, the Labor Law statute excepts the acts alleged in the complaint from this bar, and by its silence provides for damages irrespective of why the unwelcome surveillance occurred. The sole factual underpinning of the case is the placement of the camera in the changing area. If the plaintiffs can prove that the camera was placed by defendant, as they claim, they will be entitled to damages. If not, they will not be, under any theory.
Thus, plaintiffs’ contention that the placement of the camera was the result of negligence falls within the parameters of, and its remedies are cumulative with, Labor Law § 203-c, and is in effect no more than a further articulation of statutory rights. The second cause of action therefore should not be subject to dismissal pursuant to the Workers’ Compensation Law notwithstanding its common-law language. Further, the court finds that remedies available to plaintiffs under the statute certainly encompass damages for emotional harm—indeed, it is difficult to imagine that it would not given the nature of the violation—and thus are perfectly aligned with the damages alleged under the second claim. The Workers’ Compensation Law therefore can have no impact on the right to damages for negligent infliction of emotional harm, clearly available to plaintiffs if the factfinder determines that a camera was present and that the defendant was responsible. Under this exception to an employer’s insulation from employee injury suits, a workers’ compensation bar of the second cause of action becomes meaningless.
The court reaches a different conclusion with regard to the third cause of action, intentional infliction of emotional harm. This tort can be based on outrageous and extreme conduct— pleaded in the present case—which may lead to the imposition of punitive damages. (See Sawicka v Catena, 79 AD3d 848 [2d Dept 2010] [action for constructive discharge; punitive damages upheld against former employer for video recording of employees in restroom].) However, there is no provision for punitive damages in the statute, which, as it represents an exception to the general workers’ compensation statutory scheme, should be narrowly construed. (See Matter of Shaw v New York State Dept. of Educ., 24 AD3d 1086 [3d Dept 2005]; Matter of Home Care *614 Assn. of N.Y. State v Dowling, 218 AD2d 126 [3d Dept 1996].) Accordingly, punitive damages should not be allowed for a violation of Labor Law § 203-c.
However, as the third cause of action is based on intentional infliction of emotional harm,* it is different from a mere negligence claim and the potential for punitive damages arises, which is beyond what this court finds the Labor Law statute allows. Moreover, any intentional tortious act directed to specific employees can serve as an exception to the Workers’ Compensation Law. (Kruger v EMFT, LLC at 718-719; see also Miller v Huntington Hosp., 15 AD3d 548 [2d Dept 2005].) The defendant should thus be able to defend against this cause of action and argue that there was no such intent, and/or that it was not directed to these particular plaintiffs; by so doing it would in effect be arguing that the claim is not entitled to the exception and is barred under the Workers’ Compensation Law, and with it the potential for damages not contemplated under Labor Law § 203-c.
Although no prejudice has been demonstrated by the plaintiffs, the court is mindful of the late assertion of the defense and that currently the trial is a mere two weeks away. It thus will impose two related conditions on the grant of this relief to defendant. (CPLR 3025 [b].) The defendant shall not be entitled to any additional disclosure it claims is needed to support the defense, nor shall it be permitted to seek an adjournment of the trial based on a need to prepare the defense as part of its case. This will insure that the defendant is not rewarded for its delay, and that the plaintiffs will not lose any additional time as a result of this application. The foregoing restrictions do not apply to the plaintiffs, who may seek either disclosure or additional time to prepare, subject to the discretion of the justice presiding in the Calendar Control Part or the assigned trial court.
The second prong of this motion seeks to add that the notices of claim filed by the plaintiffs are defective as a defense to the second and third causes of action. This defense is based on the claim that the notices fail to assert allegations of negligence and infliction of emotional distress, later pleaded in the complaint.
However, as discussed above, the second cause of action, although not citing to the Labor Law, is clearly based on a viola *615 tion thereof. The third cause of action alleges intentional infliction of emotional distress as a cause of action. The notices allege invasion of privacy, violation of the Labor Law and improper surveillance. The items of damage or injuries claimed also include emotional and mental distress.
Comparing the causes of action alleged in the complaint to the notices of claim, the court finds that the notices are sufficient and in compliance with General Municipal Law § 50-e. Further, to the extent they fail to comply, the court finds that noncompliance is merely a mistake, omission, irregularity or defect made in good faith and may be disregarded. (General Municipal Law § 50-e [6].)
The notice of claim statute does not require that all information be stated with literal exactness, so long as it includes information sufficient to enable the municipality to make an investigation. (Brown v City of New York, 95 NY2d 389 [2000].) Here, defendant does not allege that it was unable to conduct a proper investigation, or that it suffered any prejudice arising out of the claimed deficiency. Extensive discovery and examinations have been conducted, the delay in seeking the requested relief is inordinate and unexplained, and the trial is imminent. All of these factors have been considered by the court in weighing whether to exercise its discretion to disregard what is, at worst, inconsequential omissions. (See D'Alessandro v New York City Tr. Auth., 83 NY2d 891 [1994]; Hudson v New York City Tr. Auth., 19 AD3d 648 [2d Dept 2005]; cf. Scott v City of New York, 40 AD3d 408 [1st Dept 2007].)
Finally, the defect, if there be any, goes not to the facts underlying the claims, but rather to the remedy sought based on those facts. The court does not discern, nor does defendant express, how what is at best an imprecise rendering of the remedies sought prejudiced the defendant in its investigation and preparation of its case. Based on the foregoing, this branch of the motion is denied.

 It should be noted that the court does not pass on the viability of such a claim against a municipality such as defendant in the first instance. (See Afifi v City of New York, 104 AD3d 712 [2d Dept 2013]; Eckardt v City of White Plains, 87 AD3d 1049 [2d Dept 2011].)