Davila v State of New York (2020 NY Slip Op 02961)





Davila v State of New York


2020 NY Slip Op 02961


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

529509

[*1]Delia Davila, Also Known as Delgia Davila, as Administrator of the Estate of Gloria Bonilla, Deceased, Appellant,
v
State of New York, Respondent.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Foulke Law Firm, Goshen (Louis K. Szarka of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Court of Claims (Fitzpatrick, J.), entered February 8, 2019, which denied claimant's motion to recalculate postjudgment interest.
On March 21, 2009, Gloria Bonilla (hereinafter decedent) died as a result of injuries sustained in a fire at a state-run home for mentally disabled individuals. Claimant, decedent's mother, was appointed administrator of her estate in March 2011 by Surrogate's Court, which issued limited letters of administration. Claimant, as administrator of decedent's estate, filed a claim seeking damages for decedent's conscious pain and suffering and was thereafter granted summary judgment on liability, which this Court affirmed (140 AD3d 1415 [2016]). Following a trial on damages, the Court of Claims entered a judgment for claimant on January 9, 2018 in the amount of $5.299 million, representing a damages award of $4 million with statutory interest to date of $1.299 million.[FN1]
Claimant's counsel sent the Office of the State Comptroller (hereinafter OSC) a copy of the judgment and a certificate of no appeal from the Attorney General (see Court of Claims Act § 20 [6]). OSC then sent a letter to claimant's counsel on February 8, 2018 confirming receipt of the foregoing, and requested that claimant execute and return the enclosed document forms, consisting of a waiver of attorney's lien and a satisfaction of judgment. OSC advised that the completed documents were required in order to disburse payment of the judgment to claimant. Receiving no response, OSC sent a second request with the document forms on March 8, 2018. Claimant's counsel thereafter petitioned Surrogate's Court for an order authorizing claimant, as administrator, to accept the judgment and discharge defendant. OSC did not receive the signed waiver of attorney's lien until May 29, 2018. Although claimant sent OSC a signed satisfaction of judgment on June 1, 2018, OSC advised claimant that it could not accept that document because she lacked the authority to sign it under the limited letters of administration. Surrogate's Court ultimately issued an order on July 13, 2018 modifying the prior letters of administration and authorizing claimant to, among other things, execute documents and accept payment of the judgment. On July 23, 2018, claimant's counsel faxed that order to OSC along with the satisfaction of judgment executed by claimant.
On July 25, 2018, OSC issued a check payable to decedent's estate in the amount of $5,350,007.40,[FN2] which included $50,957.40 in postjudgment interest. In calculating postjudgment interest, OSC (1) included postjudgment interest for 31 days — from January 10, 2018 (the day after the final judgment was entered) through February 9, 2018 (the day after OSC mailed claimant the document forms), (2) excluded interest for the period between February 10, 2018 and July 22, 2018 (hereinafter the disputed period), based on claimant's failure to submit the required documents within 30 days under Court of Claims Act § 20 (7) (b), and (3) included interest for the eight-day period from July 23, 2018 (the day OSC received the satisfaction of judgment) to July 30, 2018 (the date payment was entered for processing, plus six days to process and mail the payment). Claimant, asserting entitlement to postjudgment interest for all periods of time after the date of the final judgment (January 9, 2018) until the judgment was paid, including the disputed period, filed a motion requesting that the Court of Claims recalculate the postjudgment interest, an additional $240,000. The court denied the motion under Court of Claims Act § 20 (7) (b). Claimant appeals.
We affirm. Claimant contends that the Court of Claims erred in declining to recalculate her postjudgment interest to include the disputed period, during which she did not submit the required validly executed satisfaction of judgment because she was awaiting authorization from Surrogate's Court. We are not persuaded. As relevant here, postjudgment interest is "a creature of statute" (Rochester Carting Co. v Levitt, 36 NY2d 264, 267 [1975]; see CPLR 5001-5004; State Finance Law § 16; Court of Claims Act § 20 [7]). In the Court of Claims, "[i]nterest shall be allowed on each judgment . . . from the date [of the judgment] until payment is actually made" (Court of Claims Act § 20 [7]; see Matter of O'Shea v State of New York, Off. of Comptroller, 281 AD2d 774, 776 [2001]; 19D Carmody-Wait 2d § 120:169). However, that statute contains two specific exceptions which, if applicable, direct when postjudgment "interest shall be suspended and shall not be allowed" (Court of Claims Act § 20 [7]). In excluding postjudgment interest for the disputed period, OSC relied upon the exception contained in Court of Claims Act § 20 (7) (b), which provides that, "[i]n the event a satisfaction of judgment and waiver of attorney's lien [are] not forwarded within [30] days after mailing of [those document forms] by the [A]ttorney [G]eneral, interest shall be suspended for that period of time from the date of mailing [of those forms] to the date that [they are] received by [OSC]" (emphases added). It is undisputed that OSC mailed the required document forms to claimant on February 8, 2018 and, thus, to avoid suspension of interest under the exception, claimant had 30 days, or until March 12, 2018, to return the validly executed documents to OSC.[FN3] OSC belatedly received the waiver of attorney's lien on May 29, 2019 and did not receive the validly executed satisfaction of judgment until July 23, 2018, over four months late. The issue presented is whether postjudgment interest was correctly suspended for the disputed period under Court of Claims Act § 20 (7) (b), as the Court of Claims found.
In determining the appropriate interpretation and application of statutory language, our objective is to "attempt to effectuate the intent of the Legislature" and, given that "the clearest indicator of legislative intent is the statutory text, the starting point . . . must always be the language itself" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotation marks and citation omitted]). The exception provided in Court of Claims Act § 20 (7) (b) unmistakably directs that "interest shall be suspended" where the claimant fails to provide both a satisfaction of judgment and waiver of attorney's lien within 30 days of the mailing of those document forms to the claimant. Significantly, that exception contains no qualifying language providing that interest is not suspended where a claimant is unable, for even a legitimate reason attributable to another governmental entity, to provide the required satisfaction of judgment in the allotted time. Where, as here, "the disputed [statutory] language is unambiguous, we are bound to give effect to its plain meaning," and, inasmuch as "the legislative language is clear, we have no occasion to examine extrinsic evidence to discover legislative intent" (Makinen v City of New York, 30 NY3d 81, 85 [2017] [internal quotation marks, brackets, ellipses and citations omitted]; see People v Anonymous, ___ NY3d ___, ___, 2020 NY Slip Op 01113, *2 [2020]; Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 582).
We find unavailing claimant's argument that interest was not suspended because OSC was "unable to pay" until Surrogate's Court issued its order. To the contrary, OSC had uninterrupted authority to pay the judgment upon claimant's satisfaction of the requirements imposed by Court of Claims Act § 20 (7); it was claimant who lacked authorization to execute the necessary documents and accept the judgment proceeds. The obstacle to payment was not attributable to OSC or defendant or their lack of authority, and the exception contains no language qualifying the suspension of interest on the ground claimant asserts. Notably, "[a]bsent ambiguity[,] the courts may not resort to rules of construction to alter the scope and application of a statute[,] because no such rule gives the court discretion to declare the intent of the law when the words are unequivocal" (Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 [2019] [internal quotation marks, brackets and citation omitted]). Even narrowly or strictly construing the exception in favor of the general rule (see Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]; Matter of Shaw v New York State Dept. of Educ., 24 AD3d 1086, 1088 [2005]; McKinney's Cons Laws of NY, Book 1, Statutes § 213 and Comment), there is no language in the statute to authorize judicial engraftment of a "good faith" or "due diligence" qualifier to the exception. Contrary to claimant's contention, this application of clear, unqualified language neither defeats "the plain intent and purpose of [the] statut[ory exception]" nor "lead[s] to absurd or unreasonable consequences that are contrary to the purpose of the statute's enactment" (Matter of Anonymous v Molik, 32 NY3d at 37 [internal quotation marks, brackets and citations omitted]). Accordingly, the Court of Claims correctly denied claimant's motion.
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Prejudgment interest was awarded from the date that claimant was granted summary judgment, May 30, 2014, until entry of the final judgment on January 9, 2018.

Footnote 2: The total check amount included the $4 million damages award with prejudgment interest of $1.299 million that had been awarded in the Court of Claims' final judgment, and the filing fee.

Footnote 3: The 30-day period expired on Saturday, March 10, 2018 and, thus, claimant's time in which to return the documents was extended to Monday, March 12, 2018 (see General Construction Law § 25-a [1]).